NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NJM INSURANCE CO., | : |
| Plaintiff, | : |
| v. | : Case No. 3:19-cv-4587-BRM-LHG |
| CRETE CARRIER CORP., | : OPINION |
| Defendant. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff NJM Insurance Co.'s ("NJM") Motion to Compel Arbitration (ECF No. 7) and Defendant Crete Carrier Corp.'s ("Crete") Motion for Summary Judgment (ECF No. 10). The parties oppose each other's motions. (ECF Nos. 10 & 13.) Having reviewed the parties' submissions filed in connection with the motions and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, NJM's motion is **GRANTED,** and the parties must **SUBMIT** this matter to arbitration. This case is **STAYED** pending the outcome of arbitration. Crete's motion is **DENIED WITHOUT PREJUDICE** with leave to refile in arbitration.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On or about January 19, 2014, Crete's commercial vehicle struck a vehicle owned and driven by non-party Rosalind Y. Stewart ("Ms. Stewart"). (ECF No. 7-2 ¶ 1; ECF No. 10-4 ¶¶ 1, 4.) Ms. Stewart and her passenger, non-party Wilbur Stewart ("Mr. Stewart"), suffered injuries in the collision. (ECF No. 10-4 ¶ 2.) Both Ms. Stewart and Mr. Stewart incurred medical

expenses for the treatment of their injuries: $21,088.67 for Ms. Stewart and $224,699.48 for Mr. Stewart. (ECF No. 10-4 ¶¶ 5-7.)

NJM insures both Ms. Stewart and Mr. Stewart, and reimbursed both for the full cost of their medical care. (ECF No. 10-4 ¶¶ 6-7, 10-15.) Crete is self-insured and is not required to carry personal injury protection. (ECF No. 7-2 ¶ 2.) NJM requested Crete reimburse NJM for the cost of the benefits it paid to Ms. Stewart and Mr. Stewart. (ECF No. 7-2 ¶ 3; ECF No. 10-4 ¶ 23.) Crete responded that it would address the claim for reimbursement once all the underlying personal injury claims were resolved. (ECF No. 7-2 ¶ 5; ECF No. 10-4 ¶ 24.) Crete eventually reimbursed or agreed to reimburse NJM for some of the requested benefits NJM paid to its insureds. (ECF No. 7-2 ¶ 6; ECF No. 10-4 ¶¶ 8-9.) The parties disputed the remainder Crete owed to NJM. (ECF No. 7-2 ¶ 8; ECF No. 10-4 ¶ 27.)

NJM filed this action against Crete in Superior Court of New Jersey, Law Division, Monmouth County, seeking reimbursement for the cost of benefits NJM paid to Ms. Stewart and Mr. Stewart as well as a declaratory judgment that NJM and Crete were required to arbitrate their dispute. (ECF No. 7-13 ¶ 2.) Crete removed this case to this Court. (ECF No. 7-13 ¶ 13.) NJM moved in this Court to compel arbitration. (ECF No. 7.) Crete moved for summary judgment on the ground that the applicable statute of limitations bars this action. (ECF No. 10.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is

material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *See id.* at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). "Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3rd Cir. 1991) (citing *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.)); *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party bears the burden of persuasion at trial, summary judgment is appropriate only if the evidence is not susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 330 (Brennan, J., dissenting). Once the movant adequately supports its motion pursuant to

Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

### III. DECISION[1]

NJM argues that New Jersey law requires this case to be heard in arbitration. The Court agrees, and defers to the arbitrator on all other issues—including whether the statute of limitations bars this action.

If an insurer pays personal injury protection benefits to its insured stemming from an in-state accident, the insurer may recover the amounts the insurer paid for those benefits from a tortfeasor who was not required to carry personal injury protection. *See* N.J. Stat. Ann. § 39:6A-9.1(a). If the tortfeasor is insured, the injured party's insurer can bring an action directly against the tortfeasor's insurer. *See* N.J. Stat. Ann. § 39:6A-9.1(b). The statute treats a self-insured

---

1 The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

tortfeasor as an insured tortfeasor.  *See Continental Ins. Co. of N.J. v. United States*, 335 F. Supp. 2d 532, 543 (D.N.J. 2004).

If the parties are unable to agree on the amount the insurer owes the injured party, then New Jersey law requires the two insurers to submit the dispute to arbitration.  *See* N.J. Stat. Ann. § 39:6A-9.1(b).  The statute "was intended to alleviate the court system of reimbursement litigation by requiring claims to be arbitrated."  *Liberty Mut. Ins. Co. v. Penske Truck Leasing Co.*, 208 A.3d 888, 894 (N.J. Super. Ct. App. Div. 2019).  The arbitrator decides not just the merits of the matter, but also threshold issues.  For instance, arbitration is the appropriate forum to decide factual disputes concerning whether an insured constitutes a "tortfeasor" under the statute.  *See id.* at 895.  Critically to this case, issues concerning the timeliness of a request for arbitration must be submitted to the arbitrator.  *See Fireman's Fund Ins. Co. v. N.J. Mfrs. Ins. Co.*, 775 A.2d 625, 629 (N.J. Super. Ct. App. Div. 2001).

In the absence of an agreement between NJM and Crete, an arbitrator must decide this dispute.  NJM paid personal injury protection benefits to its insureds.  Crete is a self-insured tortfeasor not required to carry personal injury protection, making it a tortfeasor's insurer under the statute.  Accordingly, NJM has a direct action against Crete and is entitled to arbitrate its claim.[2]

---

[2]  Crete claims that NJM's claim is barred by the two-year statute of limitations.  NJM claims that Crete is estopped from raising a statute-of-limitations defense.  These are questions for the arbitrator.  *See Fireman's Fund Ins.*, 775 A.2d at 629.

## IV. CONCLUSION

For the reasons set forth above, NJM's Motion to Compel Arbitration is **GRANTED**. The parties must **SUBMIT** this claim to arbitration. This case is **STAYED** pending arbitration. Crete's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE** with leave for Crete to refile its motion in arbitration. An appropriate order will follow.

                                      */s/ Brian R. Martinotti*
                                      **HON. BRIAN R. MARTINOTTI**
                                      **UNITED STATES DISTRICT JUDGE**

Dated: January 29, 2020